**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **GUY MADISON NEIGHBORS,** | |
| **Plaintiff,** | |
| **v.** | **Case No.  15-CV-4921-DDC-KGS** |
| **LAWRENCE POLICE DEPARTMENT, et al.,** | |
| **Defendants.** | |

<u>**MEMORANDUM AND ORDER**</u>

This matter comes before the court on several motions.  They include defendants Chris Wech and Ryan Robinson's Motion to Dismiss (Doc. 96).  Defendants ask the court to dismiss the claims against them with prejudice under Fed. R. Civ. P. 16(f) and Fed. R. Civ. P. 41(b) because plaintiff has not complied with certain court orders.  Specifically, plaintiff failed to participate in the Rule 26(f) planning conference and failed to appear for both of the Scheduling Conferences ordered by the court.  Plaintiff never has responded to defendants' Motion to Dismiss.  The court's local rules provide that when a party fails to file a responsive brief or memorandum, "the court will consider and decide the motion as an uncontested motion" and will "[o]rdinarily . . . grant the motion without further notice."  D. Kan. Rule 7.4(b).  For this reason and others explained below, the court grants defendants' motion and dismisses plaintiff's claims against Officers Wech and Robinson with prejudice.

I.      **Background**

On August 19, 2015, pro se plaintiff Guy Madison Neighbors filed a civil complaint against the following defendants:  the Lawrence Police Department; the City of Lawrence,

Kansas; Chief of Police Tarik Khabit; two police officers;[1] Municipal Judge Scott Miller; City Prosecutor Steven M. Lehwald; and additional unknown defendants (John Does). Doc. 1. He claims that defendants violated his constitutional rights by citing and prosecuting him for traffic violations. Defendants moved to dismiss the action for failing to state a claim under Fed. R. Civ. P. 12(b)(6). On July 12, 2016, the court granted in part and denied in part defendant's motion. Doc. 74. The court concluded that plaintiff had failed to state a claim against all defendants except two—Officers Wech and Robinson. Plaintiff alleges that Officers Wech and Robinson violated his constitutional rights by citing him for traffic violations without any evidence or probable cause to support the charges. Doc. 1 at 3–4. Liberally construing plaintiff's Complaint and accepting his allegations as true, the court determined that plaintiff had alleged sufficient facts to state a claim against Officers Wech and Robinson for violating his Fourth Amendment right against unreasonable seizures. Doc. 74 at 20–22. The court also concluded that plaintiff's allegations are sufficient to withstand a qualified immunity defense at the motion to dismiss stage. *Id.* Thus, the only remaining defendants in this action are Officers Wech and Robinson.

After the court ruled defendants' Motion to Dismiss, Magistrate Judge K. Gary Sebelius entered an Initial Order Regarding Planning and Scheduling. Doc. 76. Judge Sebelius' Order required the parties to participate in a Rule 26(f) planning conference by August 24, 2016. *Id.* at 1. The Order also required defendants' counsel to submit a copy of the completed report of the parties' planning conference along with copies of the parties' Rule 26(a) initial disclosures by September 7, 2016. *Id.* at 2. And, the Order scheduled a telephone Scheduling Conference on September 14, 2016 at 2:30 p.m. *Id.* at 2.

---

[1] Plaintiff identifies the officers only as Officer Wech and Officer Robinson. Doc. 1 at 1-3. Defendants identify the officers as Officer Chris Wech and Officer Ryan Robinson. Doc. 96 at 1.

In response to Judge Sebelius' Order, defendants' counsel contacted plaintiff to attempt to schedule the Rule 26(f) planning conference. *See* Doc. 97-1 (email communications between defendants' counsel and plaintiff). Plaintiff initially responded to defendants' counsel that he was "not very interested in spending an [hour] of [his] time going over" the report of the parties' planning conference and that the "court rule[s] do not apply to [him]." *Id.* at 3. Plaintiff later changed his mind, though, and he agreed to meet defendants' counsel for the planning conference on August 24, 2016 at 9:30 a.m. at the Douglas County Courthouse. *Id.* at 6–7. On August 24, 2016 at 8:17 a.m., plaintiff sent defendants' counsel an e-mail cancelling the parties' planning conference. *Id.* at 8. Defendants' counsel confirmed plaintiff's cancellation, noting that plaintiff had not provided an alternative plan for complying with the court's order. *Id.* at 10. Defendants' counsel advised that he would proceed accordingly. *Id.* Afterward, defendants' counsel prepared a planning conference report without plaintiff's input. Doc. 97-2. Defendants' counsel submitted the report and defendants' Rule 26(a) initial disclosures to the court on September 7, 2016, in compliance with Judge Sebelius' Order. *Id.*

On September 13, 2016, Judge Sebelius' law clerk sent an e-mail to plaintiff, with a copy to defense counsel, reminding plaintiff of the telephone scheduling conference set for the following day. Doc. 97-3. The law clerk provided plaintiff with the telephone conference number and instructions for dialing into the call. *Id.* On September 14, 2016 at 11:47 a.m., plaintiff responded to the law clerk's e-mail. Doc. 97-4. Among other things, he stated: "I don't need all these meetings and conferences and stuff. I just need to know what day I can have my trial on. I'm not concerned about the courts time or resources, my concern is making sure that my rights are protected!" *Id.* at 1.

Defendants' counsel appeared for the September 14, 2016 scheduling conference at 2:30 p.m.  Plaintiff did not appear.  Doc. 88.  Judge Sebelius' chambers staff called plaintiff to ask that he join the conference call.  Doc. 89 at 2.  When plaintiff answered the call, he voiced concerns about the management of this case and other cases he has filed in the District of Kansas.  *Id.*  Judge Sebelius' staff repeatedly asked him to dial into the conference call.  *Id.*  Plaintiff eventually reported that he had another phone call, and he hung up.  *Id.*  By 3:00 p.m., plaintiff still had not appeared for the conference.  *Id.*  So, Judge Sebelius suspended the conference and rescheduled it for October 5, 2016 at 2:30 p.m.  *Id.*  In his Order rescheduling the conference, Judge Sebelius issued the following warning to plaintiff:

> Pursuant to Fed. R. Civ. P. 16(f), the court may issue sanctions, including those authorized by Fed. R. Civ. P. 37(b)(2)(A)(ii)-(vii), when a party fails to appear at a scheduling conference.  Those sanctions include dismissing the action in whole or in part.  Plaintiff is cautioned that failing to appear for the scheduling conference set for October 5, 2016, could result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice.

*Id.*

On October 4, 2016, Judge Sebelius' law clerk sent an e-mail to plaintiff, with a copy to defendants' counsel, reminding plaintiff of the scheduling conference set for the next day.  Doc. 97-5.  The law clerk attached a copy of the court's Order resetting the scheduling conference (Doc. 89), and explained that it contained instructions for dialing into the conference call.  Doc. 97-5.

Defendants' counsel appeared for the October 4, 2016 scheduling conference, but plaintiff again failed to appear.  Docs. 93, 94.  Afterward, Judge Sebelius entered an Order describing the many attempts his staff had made to contact plaintiff by phone to have him join the conference, but plaintiff never answered these calls.  Doc. 94 at 1.  Judge Sebelius noted that defendants' counsel informed the court during the conference that he intended to file a motion to

4

dismiss.  *Id.* at 2.  Judge Sebelius thus decided not to reset the conference until the court rules on the anticipated motion to dismiss.  *Id.*

On October 6, 2016, plaintiff sent an email to Judge Sebelius' law clerk expressing his annoyance with the attempts made by Judge Sebelius' chambers staff to contact him about the conference.  Plaintiff asserted:  "I was working yesterday and it was quite an annoyance to have you guys calling me a whole bunch of time[s] from different numbers while I was with customers."  Doc. 97-6.  Plaintiff claimed that the court's rules "are not binding" on him (*id.* at 1), and he ordered that "documents need to be filed ASAP in my case and stop fooling around" (*id.* at 2).  Plaintiff also stated:  "Surely you all know that I aware what rules I have to follow." *Id.*

Defendants filed their Motion to Dismiss on October 11, 2016.  Doc. 96.  They ask the court to dismiss plaintiff's claims against Officers Wech and Robinson with prejudice based on plaintiff's conduct described above.  The court takes up defendants' motion below.

## II.   Pro Se Litigant Standard

Because plaintiff brings this lawsuit pro se, the court construes his filings liberally and holds them to a less stringent standard than formal pleadings drafted by lawyers.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  But the court does not assume the role of advocate for a pro se litigant.  *Id.*  Also, a litigant's pro se status does not excuse him from complying with the court's rules or facing the consequences of noncompliance.  *Ogden v. San Juan Cty.*, 32 F.3d 452, 455 (10th Cir. 1994) ("While we of course liberally construe pro se pleadings, an appellant's pro se status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure." (citing *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994))).

Throughout this lawsuit, plaintiff has referred to himself as proceeding "in pro-per." *See*, *e.g.*, Docs. 103, 111, 118, 121, 122. He also asserts that the court is holding him to the same standard as a licensed attorney and thus violating his due process rights. *See*, *e.g.*, *id.* The court previously addressed this issue, explaining that it applies the Tenth Circuit's pro se standard and it requires courts to hold a pro se litigant's filings to a *less* stringent standard than formal pleadings drafted by lawyers. *See* Doc. 74 at 4–6 (citing *Hall*, 935 F.2d at 1110). No need exists to revisit this issue yet again.

### III.    Plaintiff's Motion to Transfer

Before turning to defendants' Motion to Dismiss, the court addresses plaintiff's Motion to Transfer (Doc. 81). Plaintiff filed this same motion in all three lawsuits he has filed in the District of Kansas. *See id.* (listing the three case numbers in the caption). Plaintiff's Motion is difficult to understand, but he asks the court to transfer the lawsuits to the District of Colorado. He contends that he "cannot obtain a fair and impartial trial" in this District because his "civil action is against the very corporation that will be making the determination in all three civil actions." *Id.* at 2. Plaintiff's motion appears to argue that this court has some connection to the United States Attorney's Office that creates a conflict of interest. *Id.* at 1. He asserts that the United States Attorney's Office pays the undersigned judge which "means [the United States Attorney's Office] could be calling the shots" in this lawsuit. *Id.* Plaintiff's assertion is simply wrong. Indeed, the court and the United States Attorney are not even part of the same branch of government. Also, plaintiff's errant understanding has no bearing on this case because the United States Attorney's Office is neither a party to this action nor involved in it in any other

way.[2]  But, even if plaintiff's motion applies to this case, he provides no sufficient reason for the court to transfer the case.

The court liberally construes plaintiff's Motion to Transfer as one asking the court and all judges in the District of Kansas to recuse under 28 U.S.C. § 455(a) and as one asking to transfer the case under 28 U.S.C. § 1404(a).  The court denies both requests for reasons explained below.

To the extent plaintiff seeks recusal under 28 U.S.C. § 455(a), that statute provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  But, "[t]he decision to recuse is committed to the sound discretion of the district court."  *United States v. Burger*, 964 F.2d 1065, 1070 (10th Cir. 1992) (citing *Hinman v. Rogers*, 831 F.2d 937, 938 (10th Cir. 1987)).  So, as the moving party here, plaintiff bears the substantial burden to demonstrate that the judicial officer assigned to this case is not impartial.  *Id.*

Judges apply an objective standard to determine whether to recuse.  *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 858 n.7 (1988).  So, under § 455(a), the test is not whether the judge believes he or she is impartial, but, instead, "whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality."  *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993) (quoting *Burger*, 964 F.2d at 1070).  But, § 455 "does not require recusal based only on assumptions about a judge's beliefs that are not substantiated by the facts of record."  *In re McCarthey*, 368 F.3d 1266, 1269–70 (10th Cir. 2004) (first citing *Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995); then citing *Bryce v. Episcopal Church*, 289 F.3d 648, 659–60 (10th Cir. 2002)).  "A judge should not recuse [him or herself] . .

---

[2]  Plaintiff's motion appears directed at one of the other civil cases that he's filed against three current and former Assistant United States Attorneys.  *See Neighbors v. Kansas,* et al., No. 16-4023-DDC-KGS.

. on unsupported, irrational, or highly tenuous speculation." *Hinman*, 831 F.2d at 939 (citations omitted).

As described above, plaintiff asserts, erroneously, that the court has some connection to the United States Attorney's Office that prevents him from securing a fair and impartial trial. But, plaintiff points to no facts in the record that support these allegations. And no reasonable observer could consider these errant assertions as biasing the court in this case. When considering a § 455 motion, the court asks "how things appear to the well-informed, thoughtful and objective observer, rather than the hypersensitive, cynical, and suspicious person." *United States v. Jordan,* 49 F.3d 152, 156 (5th Cir. 1995) (citing *In re Mason,* 916 F.2d 384, 386 (7th Cir. 1990)). Here, no reasonable observer could question the court's impartiality. Plaintiff thus has not met his burden to show that recusal is warranted under § 455(a).

Plaintiff also fails to show that transfer under 28 U.S.C. § 1404(a) is warranted here. Section § 1404(a) provides: "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). A court has broad discretion under § 1404(a) to adjudicate motions to transfer based on a case-by-case review of convenience and fairness. *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991). The party moving to transfer a case bears the burden to show that transfer is appropriate under § 1404(a). *Emp'rs Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1167 (10th Cir. 2010).

When deciding whether to transfer an action under § 1404(a), the court should consider the following factors:

> the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles

to a fair trial; difficulties that may arise from congested dockets; the possibility of
the existence of questions arising in the area of conflict of laws; the advantage of
having a local court determine questions of local law; and, all other considerations
of a practical nature that make a trial easy, expeditious and economical.

*Chrysler Credit Corp.*, 928 F.2d at 1516 (citing *Tex. Gulf Sulphur Co. v. Ritter*, 371 F.2d 145,

147 (10th Cir. 1967)); *see also Bartile Roofs, Inc.*, 618 F.3d at 1167.

Not even one of these factors favors transfer of this case. To the contrary, many of the

factors disfavor transfer—plaintiff chose this forum, the witnesses and evidence are located in

this district, and it is advantageous to have a local court decide questions of local law.[3] And,

although plaintiff claims that he cannot secure a fair trial in this district, his allegation is a

conclusory one and nothing supports it. Plaintiff thus has not met his burden to show that

transfer is warranted under § 1404(a).

Also, as defendants assert, the court cannot transfer the action to Colorado because it is

not a district "where [the case] might have been brought" in the first place, as 28 U.S.C. §

1404(a) requires. Under 28 U.S.C. § 1391, a plaintiff may bring a civil action in (1) "a judicial

district in which any defendant resides, if all defendants are residents of the State in which the

district is located;" or (2) "a judicial district in which a substantial part of the events or omissions

giving rise to the claim occurred, or a substantial part of property that is the subject of the action

is situated." 28 U.S.C. § 1391. Defendants assert that neither of them are Colorado residents.

And, a substantial part of the events giving rise to plaintiff's claims occurred in Kansas. Thus,

plaintiff could not have brought this action in Colorado. For all these reasons, the court denies

plaintiff's Motion to Transfer.

---

[3]    The court recognizes that plaintiff's claims arise under federal law but plaintiff has raised other
arguments in this case that have required the court to apply Kansas law. For example, he has challenged
the jurisdiction of the City of Lawrence Municipal Court. *See* Doc. 74 at 28–29. The court rejected that
challenge, explaining how Kansas law confers jurisdiction on municipal courts to hear and determine
cases involving violations of city ordinances. *Id.*

**IV.     Motion to Dismiss**

The court now turns to defendants' Motion to Dismiss (Doc. 96).  Defendants seek dismissal of plaintiff's Complaint under Fed. R. Civ. P. 16(f) and 41.  The court grants defendant's motion and dismisses plaintiff's claims against Officers Wech and Robinson with prejudice.  The court explains why below.

**A.  Legal Standard**

Fed. R. Civ. P. 16(f) authorizes a court to "issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney:  (A) fails to appear at a scheduling or other pretrial conference; (B) is substantially unprepared to participate—or does not participate in good faith—in the conference; or (C) fails to obey a scheduling or other pretrial order."  One of the sanctions allowed under Fed. R. Civ. P. 37(b)(2)(A) includes dismissal of the action.  Fed. R. Civ. P. 37(b)(2)(A)(v).

Under Fed. R. Civ. P. 41(b), the court may dismiss an action where a party fails to prosecute or comply with the court's orders and rules.  Unless the court states otherwise, a Rule 41(b) dismissal is equivalent to an adjudication on the merits and is with prejudice, meaning that a plaintiff cannot re-file his claims.  Fed. R. Civ. P. 41(b).

The Tenth Circuit has explained that "[a] district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules."  *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002).  Such sanctions include dismissal of a party's case with prejudice.  *Id.*  But "dismissal or other final disposition of a party's claim is a severe sanction reserved for the extreme case, and is only appropriate where a lesser sanction would not serve the ends of justice."  *Id.* (citation and

internal quotation marks omitted).  When evaluating whether dismissal with prejudice is a

warranted sanction, the court considers the following factors:

> (1) the degree of actual prejudice to the [other party]; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.

*Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (citations and internal quotation

marks omitted).  The Tenth Circuit has explained that, "[a]lthough *Ehrenhaus* involved sanctions

for discovery violations . . . 'Rule 41(b) involuntary dismissals should be determined by

reference to the *Ehrenhaus* criteria.'"  *Gripe v. City of Enid, Okla.*, 312 F.3d 1184, 1188 (10th

Cir. 2002) (quoting *Mobley v. McCormick*, 40 F.3d 337, 341 (10th Cir. 1994)).  "It is within a

court's discretion to dismiss a case [with prejudice] if, after considering all the relevant factors, it

concludes that dismissal alone would satisfy the interests of justice."  *Ehrenhaus*, 965 F.2d at

918.

## B.  Analysis

Exercising its discretion, the court concludes that dismissal of plaintiff's lawsuit is the

appropriate sanction under Fed. R. Civ. P. 16(f) and 41(b).  Despite repeated reminders and

warnings from the court about his need to appear at the scheduling conferences, plaintiff did not

comply with the court's orders setting those conferences.  Instead, plaintiff claimed that he was

not subject to the court's rules.  And, plaintiff criticized members of the court's staff for

annoying him when they tried to reach him to have him join one of the conferences.  Judge

Sebelius had warned plaintiff that the court may issue sanctions, including dismissal of his

lawsuit with prejudice, if he failed to appear for the rescheduled conference on October 5, 2016.

Doc. 89 at 2.  Plaintiff did not heed this warning, and failed to appear for the scheduled

conference for a second time.  Under these facts, the court finds that dismissal with prejudice is warranted.  All five *Ehrenhaus* factors support this decision.

First, defendants assert that they have sustained prejudice by plaintiff's actions. Defendants' counsel tried many times to communicate with plaintiff about the Rule 26(f) planning conference.  Plaintiff refused to participate.  Indeed, plaintiff cancelled an in-person Rule 26(f) planning conference at a location about 30 miles away from defendants' counsel's office only about an hour before the scheduled meeting.  *See* Doc. 97-1 at 8.  Defendants' counsel also appeared at the two court-ordered scheduling conferences that the court was unable to conduct because plaintiff refused to appear.  These facts demonstrate some prejudice to defendants, but it is not overwhelming—especially when most of the communications were conducted by email and the court appearances by phone.  Defendants' counsel also has invested time and resources responding to many meritless motions that plaintiff has filed throughout the case.  The court finds that this factor slightly favors dismissal with prejudice.

Second, plaintiff has interfered with the judicial process.  Plaintiff repeatedly has refused to comply with the court's rules.  And, when reminded about his need to appear for court-ordered conferences, he has responded to court staff by saying that the rules do not apply to him and that he has no concern for the court's resources.  This factor favors dismissal with prejudice.

Third, plaintiff is culpable for his conduct.  Plaintiff had notice of the court's scheduled conferences.  The court's staff even provided him reminders about the conferences and instructions for dialing in to the calls.  Plaintiff willfully refused to appear at both conferences. When court staff attempted to communicate with him about appearing for the conferences, he responded with claims that the rules do not apply to him.  He also said court staff had annoyed

him by contacting him to seek his attendance at the conference.  This factor heavily favors dismissal with prejudice.

Fourth, the court has warned plaintiff that dismissal of the action with prejudice was a likely sanction for noncompliance.  After plaintiff failed to appear for the first scheduling conference, Judge Sebelius issued an order rescheduling the conference to October 5, 2016. Doc. 89 at 2.  The order included a warning to plaintiff that the court may issue sanctions, including dismissal of his lawsuit with prejudice, if he failed to appear for the rescheduled conference.  *Id.*  Despite this warning, plaintiff again failed to comply with the court's order and did not appear at the rescheduled conference.  This factor also favors dismissal with prejudice.

Finally, the court does not find that a lesser sanction is effective.  Plaintiff has refused to move his case forward by refusing to participate in the Rule 26(f) conference and by failing to appear at the Initial Scheduling Conference.  Plaintiff also has ignored the court's orders to appear, and he did not heed the court's warning that his failure to appear could result in dismissal of his lawsuit with prejudice.  Based on plaintiff's actions, the court is convinced that a lesser sanction would not be effective.  Plaintiff's actions do not result from a misunderstanding of the rules, or accidental behavior.  Instead, plaintiff has engaged in outright defiance of court orders. And, he shows no signs of changing this behavior.  These facts warrant dismissal of plaintiff's claims against Officers Wech and Robinson with prejudice under Fed. R. Civ. P. 41(b).

Plaintiff also filed no response to defendants' Motion to Dismiss.  By failing to respond, plaintiff waived his opportunity to contest defendants' request to dismiss the case with prejudice. *See* D. Kan. Rule 7.4(b) ("Absent a showing of excusable neglect, a party or attorney who fails to file a responsive brief or memorandum . . . waives the right to later file such brief or memorandum.").  His failure to respond also allows the court to treat the motion as an

uncontested one, and "[o]rdinarily . . . [to] grant the motion without further notice." *Id.* This inaction also warrants dismissal of plaintiff's claims against Officers Wech and Robinson with prejudice.

When reaching this conclusion, the court is mindful that federal courts are reluctant to dismiss claims for reasons other than their merits. *See*, *e.g.*, *Foman v. Davis*, 371 U.S. 178, 181 (1962) (explaining that it is "contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided on the basis of such mere technicalities."). But, in this instance, the court's dismissal does not result from merely technical rule violations. Instead, plaintiff consistently has demonstrated contempt for court rules and outright defiance of court orders. Plaintiff's conduct warrants dismissal. *See*, *e.g.*, *Lee v. Max Int'l, LLC*, 638 F.3d 1318, 1319–21 (10th Cir. 2011) (affirming dismissal with prejudice for plaintiff's failure to comply with the court's discovery orders and explaining that "[o]ur judicial system has a strong preference for resolving cases on their merits whenever possible, but no one, we hold, should count on more than three chances to make good a discovery obligation"); *Gripe*, 312 F.3d at 1188–89 (affirming district court's dismissal with prejudice based on plaintiff's failure to follow court orders and rules). The court thus dismisses this case with prejudice under Fed. R. Civ. P. 41(b).

## V.     Other Pending Motions

Plaintiff has filed several other pending motions. Because the court grants defendants' Motion to Dismiss, plaintiff's remaining motions are moot. The court nevertheless addresses each motion briefly because the court would deny the relief plaintiff seeks in each motion in any event.

### A.  Plaintiff's Motion for Summary Judgment

Plaintiff has filed a Motion for Summary Judgment.  Doc. 103.  He "moves this court for summary judgment based on the plain clear fact the defendants have no clear evidence on the record or to place on the record to prove the defendants did not stop the plaintiff and issue him a summons that was not prior signed [by] a judicial officer of the court."  *Id.* at 1.  Plaintiff's summary judgment motion fails for several reasons.

First, plaintiff's summary judgment motion fails to comply with the court's local rules. Although plaintiff appears pro se in this litigation, he still must comply with the court's rules. *Ogden v. San Juan Cty.*, 32 F.3d 452, 455 (10th Cir. 1994).  D. Kan. Rule 56.1(a) requires a party moving for summary judgment to set forth a "concise statement of material facts" over which "no genuine issue exists."  "The facts must be numbered and must refer with particularity to those portions of the record upon which movant relies."  D. Kan. Rule 56.1(a).  Plaintiff's motion here contains no statement of material facts as the rules require.  The court could deny plaintiff's summary judgment motion for this reason alone.  *See*, *e.g.*, *Wilson v. Skiles*, No. 02-3190-JAR, 2005 WL 466207, at *2 (D. Kan. Feb. 4, 2005) (striking pro se plaintiff's summary judgment motion for failing to comply with Fed. R. Civ. P. 56 and D. Kan. Rule 56.1); *Wolters v. Conner*, No. 03-3251-KHV, 2004 WL 723585, at *5 (D. Kan. Apr. 1, 2004) (denying plaintiff's summary judgment motion for failing to comply with D. Kan. Rule 56.1).

Second, plaintiff's motion fails to establish that summary judgment is appropriate here. To deserve summary judgment, a moving party must demonstrate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  Plaintiff, as the moving party, bears "both the initial burden of production on a motion for summary judgment and the burden of establishing that summary judgment is

appropriate as a matter of law." *Kannady v. City of Kiowa*, 590 F.3d 1161, 1169 (10th Cir. 2010) (quoting *Trainor v. Apollo Metal Specialties, Inc.*, 318 F.3d 976, 979 (10th Cir. 2002)).  Plaintiff fails to meet his burden.

The only remaining claims in this lawsuit are ones asserted against Officers Wech and Robinson for violating plaintiff's constitutional rights by citing him for traffic violations without evidence or probable cause to support the charges.  But plaintiff's motion seeks summary judgment on a different claim.  He asserts that the summary judgment "evidence . . . prove[s] the defendants, in fact, harassed him and violated the 'Separation Clause' in the Constitution by performing traffic stops and issuing a summons that was only signed by the [police] officer" instead of a "judicial officer of the court" which "is a clear violation of the plaintiff's right to 'Due Process.'"  Doc. 103 at 3.  The court already has addressed this argument.  It explained that plaintiff's Complaint asserts no such claim (doc. 74 at 30), and thus he cannot obtain relief on this claim.  And, even if plaintiff's Complaint asserted such a claim, his due process argument lacks merit.  *Id.* at 30–31.  Plaintiff thus is not entitled to summary judgment on this claim.

Plaintiff also fails to meet his burden to show that summary judgment is warranted based on the documents he submitted with his motion.  Plaintiff provides a list of "documentation to support his summary judgment motion."  Doc. 103 at 3–4.  But many of these documents are inadmissible on summary judgment because they lack proper foundation.  Plaintiff also describes the contents of these documents with improper and unsupported argument.  *See*, *e.g.*, *id.* at 1 (stating that the "police dash cam video prov[es] the officer [ ]perjured himself[ ]"); *id.* at 4 (stating that a document "was sent to the state in an effort to punish Neighbors, for demanding the courts respect his rights" and the exhibits "show the citation was dismissed and out of retaliation and racist harassment the judge, Scott Miller, filed this document in an effort to have

Neighbors arrested on the very next illegal traffic stop.  This is clearly dirty pool!").  And, none

of these documents demonstrate the absence of a genuine issue for trial on plaintiff's

constitutional claims against Officers Wech and Robinson.  In sum, summary judgment is not

appropriate on this record.

### B.  Plaintiff's Notice of Default

Plaintiff filed a Notice of Default under Fed. R. Civ. P. 55(a).  Doc. 111.  The Notice is

difficult to follow, but it appears to direct the Clerk of the Court to "enter a default" against

defendants because, plaintiff contends, defendants filed a "perjured affidavit . . . in this case" and

"failed to file the evidence in their summary judgment response they stated they had available."

*Id.* at 5.  Plaintiff's allegations are curious and they do not warrant entry of default.

Under Fed. R. Civ. P. 55(a), the Clerk must enter default "[w]hen a party against whom a

judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure

is shown by affidavit or otherwise."  Defendants have not failed to plead or otherwise defend this

case as Rule 55(a) requires.  Defendants are not in default.  Plaintiff has no right to an entry of

default.

### C.  Plaintiff's Offer of Proof Municipal Court Lacks Jurisdiction to Rule in the Traffic Court Case Because the Officer Violated the Separation Clause of the Constitution When He Issued a Summons Not Signed By a Judicial Officer of the Court

Plaintiff has filed an "Offer of Proof Municipal Court Lacks Jurisdiction to Rule in the

Traffic Court Case Because the Officer Violated the Separation Clause of the Constitution When

He Issued a Summons Not Signed By a Judicial Officer of the Court."  Doc. 118.  The Clerk of

the Court has docketed this filing as a "Motion for Order."  In this filing, plaintiff "demand[s] the

court to rule in his favor and cease the stalling to unlawfully assist the government in prevailing

in this action."  *Id.* at 7.  This filing, too, is difficult to understand, but it appears plaintiff seeks

an order from the court finding:  (1) the City of Lawrence Municipal Court lacked jurisdiction to

rule in his traffic case (*id.* at 1, 4); (2) Officer Wech executed an illegal traffic stop and violated

the Separation Clause of the Constitution because he signed the traffic citation and not a judicial

officer (*id.* at 4); and (3) the City of Lawrence's municipal ordinances are not "real law[s]," and

plaintiff is not required to obey them (*id.* at 4, 5).

The court cannot conclude on the current record that Officer Wech executed an illegal

traffic stop as a matter of law.  *See supra* Part V.A.  And, the court already has addressed

plaintiff's remaining arguments, concluding that they are unfounded and not supported in law.

*See* Doc. 74 at 28–29, 30–31, 33–34.  Plaintiff is not entitled to any of the relief he seeks in the

filing docketed as a "Motion for Order."

### D.  Plaintiff's Objection to the Magistrate Judge's Order

Finally, plaintiff has filed an Objection to an Order issued by Judge Sebelius.  Doc. 121.

On January 5, 2017, Judge Sebelius issued an Order on plaintiff's Motion to Add Video

Evidence of the Unlawful Traffic Stop into the Record.  Doc. 119.  Judge Sebelius construed

plaintiff's motion as one seeking leave to file conventionally a video recording of the traffic stop

for the court to consider with the pending dispositive motions.  *Id.* at 1.  Judge Sebelius granted

that request and ordered plaintiff to submit the video for conventional filing within 11 days.  *Id.*

at 1–2.

In his Objection, plaintiff states that he previously requested the court to remove the

Magistrate Judge from his case, and the court refused to respect his decision.  It is true.  Plaintiff

repeatedly has objected to Judge Sebelius' assignment to this case.  *See*, *e.g.*, Doc. 71.  But the

court has overruled his objection because it lacks any merit.  *See* Doc. 74 at 37 n.7 (explaining

that "Fed. R. Civ. P. 72(a) and 28 U.S.C. § 636(b)(1)(A) authorize magistrate judges to issue

written orders on non-dispositive matters in civil cases" and "Judge Sebelius' involvement in this case is consistent with the authority conferred by these rules."). Plaintiff provides no reason for the court to revisit this ruling.

Plaintiff also contends that the court "refused to accept my cd video in a continued conspiracy to assist the government gaining an unfair advantage." Doc. 121 at 1. Judge Sebelius' ruling did just the opposite. The order granted plaintiff authorization to file his video conventionally.[4] So, the court is unable to discern what plaintiff is objecting to in the Order.

Nevertheless, plaintiff's objection fails under the governing legal standard. Fed. R. Civ. P. 72(a) allows a party to provide specific, written objections to a magistrate judge's order. When a party files a timely objection to a magistrate judge's order, the court "must . . . modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). Plaintiff's objection fails to identify any part of Judge Sebelius' Order that was "clearly erroneous" or "contrary to law." Thus, plaintiff's objection is unfounded.

## VI.    Conclusion

For the reasons explained above, the court grants defendants' Motion to Dismiss (Doc. 96). The court dismisses plaintiff's claims in this case against Officers Chris Wech and Ryan Robinson with prejudice. The court also denies plaintiff's Motion to Transfer (Doc. 81) and denies plaintiff's remaining pending motions (Docs. 103, 111, 118, 121) as moot.

---

[4]    Plaintiff has not filed the video conventionally within the 11-day time period, as ordered by Judge Sebelius. In any event, the conventional filing of this video of the traffic stop would not change the result of any of the rulings in this Memorandum and Order. Plaintiff provided a website link to the video of the traffic stop in his summary judgment motion. Doc. 103 at 1. He also has sent it to the court by email on several occasions. The court has viewed the video. Even if it constitutes admissible evidence on summary judgment, it does not warrant summary judgment for plaintiff. The video also does not excuse plaintiff's failure to comply with the court's orders—the reason that the court is dismissing this case with prejudice.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's Motion to Transfer (Doc. 81) is denied.

**IT IS FURTHER ORDERED THAT** defendant's Motion to Dismiss (Doc. 96) is granted.  The court dismisses plaintiff's claims against Officer Chris Wech and Officer Ryan Robinson with prejudice.

**IT IS FURTHER ORDERED THAT** plaintiff's Motion for Summary Judgment (Doc. 103), plaintiff's Notice of Default (Doc. 111), plaintiff's Motion for Order (Doc. 118), and plaintiff's Objection to the Magistrate Judge's Order (Doc. 121) are denied as moot.

**IT IS SO ORDERED.**

**Dated this 30th day of January, 2017, at Topeka, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**
